**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff<br>v.<br><br>Wendolen Howard,<br><br>　　　　　Defendant | Case No. 2:18-cr-00135-JAD-GWF<br><br>**Order Denying Motion Under FRCP 60(d)(1)**<br><br>[ECF No. 33] |

Criminal defendant Wendolen Howard pled guilty to one count of escaping from custody and in September 2018 was sentenced to 13 months in custody.[1] Howard brings a motion (erroneously under the Federal Rules of *Civil* Procedure) arguing that the Federal Bureau of Prisons (BOP) has erroneously calculated his sentence and that error will cause him to serve an extra 71 days.[2]

Assuming without deciding that Howard is right about this error, I must deny his motion because this court lacks jurisdiction to grant the relief he is requesting. The starting date for Howard's sentence was not something the court set—the court's judgment states only that this sentence was to run "consecutive to [his] sentence in case No. 2:02-cr-0433-PMP-LRL," which was the sentence he cut short by his escape.[3] So the computation of Howard's sentence was a BOP decision, and any error in that computation rests with the BOP, not the court. Howard's challenge is thus properly characterized as one to the manner or conditions of his sentence's

---

[1] ECF No. 32 (judgment).
[2] ECF No. 33.
[3] ECF No. 32 at 2.

execution, and the law requires Howard to bring that challenge under 28 U.S.C. § 2241 before the district court in the jurisdiction where Howard is incarcerated, not in this sentencing court.[4] Because the jurisdiction to decide this issue in habeas rests with the District of Colorado,[5] this court lacks jurisdiction to entertain his motion.

IT IS THEREFORE ORDERED that Howard's Motion Under Fed. R. Civ. P. 60(d)(1) Due to Clerical Error **[ECF No. 33] is DENIED.**

Dated: May 29, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[4] *See, e.g.*, *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (proper vehicle for an inmate to "challenge[] the fact or duration of his confinement" is "a petition for habeas corpus under 28 U.S.C. § 2241").

[5] It appears that Howard is held at USP Florence in Canon City, Colorado. https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results, last visited 5/29/19.